APRIL TERM,
1839.

Howard
v.
Newsom & Woodson.

HOWARD v. NEWSOM & WOODSON.

When the declarations of a party are given in evidence against him, the whole conversation that took place at the time the declarations were made is admissible in evidence; and whatever the party may have declared in his own behalf, the jury may take into consideration, at the same time they receive whatever he may have admitted against his own interest.

APPEAL from the circuit court of Polk county.

*Hendrick & Adams*, counsel for appellant:

To reverse the judgment of the circuit court, the appellant will insist on the following points:

1. The circuit court erred in giving the instructions asked by the defendants below:

2. The court ought to have given the instruction asked by the plaintiff below.

3. The court ought to have sustained the motion for a new trial.

4. That, under the joint plea of not guilty, the evidence was no justification. (See 1 Chit. Plead. 598; 1 Saun. Rep. 28, in notes; 3 Term Rep. 376; 2 Caine's Rep. 108.)

*Phelps & McCord*, counsel for appellees:

The third point of error is, that the court gave the instructions asked for by plaintiff.

These instructions are warranted by the testimony, and therefore it was not error to give them. (See Hines v. McKinney, 3 Mo. Rep. 382; 1 Marsh. Rep. 206; Lebaume v. Dodier, 1 Mo. Rep. 618; Fenton v. Perkins, 3 Mo. Rep. 23.)

As to the motion for a new trial, the supreme court will not interfere with a verdict, and direct a new trial, except in cases where the jury *clearly erred*, and the court refused a new trial—Oldham v. Henderson, 4 Mo. R. 295.

APRIL TERM,
1839.

Howard
v.
Newsom & Woodson.

When testimony is stronger against a verdict than it is for it, still that affords no reason for the interference of the supreme court, unless it should *strongly preponderate* —Singleton v. Maine and *alii*, 3 Mo. Rep. 464.

The plea of the general issue was proper for an officer to justify a *prima facie* trespass—Stat. 460, sec. 27.

There was no evidence produced against Newsom, and therefore it mattered not at what time a verdict was rendered for him—consequently the instruction asked for in behalf of Newsom is not error—1 Mo. Rep. 662.

Tompkins, Judge, delivered the opinion of the court.

Howard brought his action of trespass in the circuit court against Newsom and Woodson, and judgment being there given against him, he appealed to this court.

On the trial of the cause in the circuit court, the plaintiff proved by a witness that Woodson had said he had sold a crib of corn belonging to the plaintiff, Howard, containing about one hundred barrels of corn. Corn at that time was worth one dollar and twenty-five cents per barrel. Upon the cross-examination of the witness by the defendant, he stated that Woodson, the defendant, stated that he had sold the said corn under execution. Both these declarations of Woodson appeared to have been made in one and the same conversation, and there was no other testimony in the case.

The court, on motion of Woodson, instructed the jury that if they believed that Woodson sold the corn under authority of an execution, and his own declarations were admissible in evidence to prove that fact, then they should find him not guilty. To the giving of this instruction the plaintiff objected, and excepted. No evidence was given against Newsom.

When the declarations of a party are given in evidence against him, the whole conversation that took place at the time the declarations were made is admissible evidence; and whatever the party may have declared in his own behalf, the jury may

There is no principle of law better established than this, that when the declarations of parties to a suit are given in evidence against them, the whole conversation that took place at the time the declarations were made are admissible in evidence; and whatever the said party may have declared in his own behalf, the jury may take into their consideration at the same time they receive whatever he may have admitted against his own interest. If, then, the admissions of Woodson, that he had sold the corn of the plaintiff, were given in evidence against him; equally ought his declarations, that he sold the same corn under execution, to go in evidence to the jury in justifi-

cation of the act. The court told the jury, if they believed that he sold the corn under the authority of an execution, to find him not guilty. In this, it appears to me, the court committed no error. The judgment of the circuit court ought, then, in my opinion, to be affirmed, and Judge Napton being of that opinion, it is accordingly affirmed.