HENRY BURGHART, Appellant, vs. HIRAM BROWN, Respondent.

1. *Evidence—Declarations, what permissible.* It is error to permit testimony as to a portion of the declarations of a witness on a particular subject and to refuse to hear the remainder.

*Appeal from the Common Pleas Court of Livingston County.*

*C. H. Mansur,* for Appellant.

*Broadus & Pollard,* for Respondent.

VORIES, Judge, delivered the opinion of the court.

The appellant recovered a judgment before a justice of the peace in Livingston county against the respondent for the amount of a promissory note for $80, and the interest due thereon.

The respondent appealed to the Common Pleas Court of Livingston county, where the case was tried *de novo* before a jury. The execution of the note was denied by the respondent under oath, the only issue in the case being as to the execution of the note by the respondent.

Upon the trial of this issue, evidence was introduced by the appellant tending to prove the execution of the note by the respondent, and by the respondent tending to prove that the note was a forgery, and had not been executed by him. Among other evidence introduced by plaintiff to prove the execution of the note by the respondent, one William McCay was sworn and examined, who stated as follows: "I was talking one day in Utica with plaintiff about defendant and his ability to pay a note that plaintiff said he had on him, (the one in controversy,) when Brown and Smith came up and joined us, and the conversation became general about the note. Burghart asked him if it was forged note. He said he had signed no note, but that it was a contract; Burghart said he wanted to know whether it was a forgery or not, that if it was they could pursue the man who sold him the note, and overtake him yet, and that he would pay half the expenses, if Brown would pay the other half."

The plaintiff asked the witness to state "what answer (Brown) the defendant made to this proposition, if any, of plaintiff, to pursue the seller of the note." This question was objected to by the defendant for the reason that it was immaterial. The objection was sustained by the court and the answer to the question excluded. The plaintiff at the time excepted.

This is the only exception saved in the case, the evidence was concluded on both sides, the jury was instructed by the court and a verdict and judgment for the defendant and respondent. A motion was filed for a new trial by plaintiff which was overruled by the court.

No exceptions are taken to the instructions by either party; the ground relied on for a new trial was mainly the erroneous exclusion of the evidence (offered by the plaintiff) by the court. The motion for a new trial being overruled the plaintiff again excepted and appealed to this court.

As I have before stated, the only question to be passed on here, is as to the propriety of the action of the court excluding the answer of the defendant to the proposition of the plaintiff to follow and overtake the man who had sold plaintiff the note.

It is difficult to see upon what ground the evidence was rejected. The witness had detailed part of a conversation had between the plaintiff and defendant; the conversation was about the execution of the note in controversy and was exactly pertinent to the issue being tried. The witness was permitted to testify to facts which tended to prove that the defendant had not executed the note, and the plaintiff had a right to prove all that was said by the defendant, so that the jury could see as to the consistency of his statements and thereby to give proper weight to the whole evidence. One part of the statements made in the conversation might modify other parts, so that it will be seen that there would be no safety in permitting evidence of part of a conversation upon the same subject, and excluding the balance, and in this case the court excluded the evidence because it was irrelevant. How could the court

know that the answer of the defendant would be irrelevant until it was heard ? The conversation was had about the very matter .in controversy, and either party had a right to have the whole conversation, a part of which had been detailed by the witness. It is not for this court to say what the evidence would have been, it is enough to know that the evidence might have been material. We cannot assume that what was excluded would have been irrelevant, or what weight the jury would have given to it. (1 Greenl. Ev., §§ 201-202 ; Willing vs. Toll, 9 Johns, 140 ; Howard vs. Newsom, 5 Mo., 523 ; Reevs vs. Hardy, *et al.*, 7 Mo., 348.)

The said common Pleas Court having erroneously excluded the evidence offered by the plaintiff, which would have proved the balance of a conversation part of which had been detailed, the judgment of said court ought in my opinion to be reversed.

The other judges concurring, the judgment is reversed and the cause remanded.